## THE PEOPLE *v.* LÓPEZ.

### APPEAL from the District Court of Ponce.

No. 46.—Decided February 27, 1904.

BILL OF EXCEPTIONS—RECORD OF THE TRIAL.—If no bill of exceptions has been presented and the minutes of the trial appear in the record signed by the judges who presided at the trial, by the *Fiscal* and the attorney for the defendant, and contains the testimony of the witnesses and other evidence taken on the trial, said minutes are an authentic document which may serve as a basis for considering the grounds of an appeal.

EXTORTION—PUBLIC OFFICIAL.—A public official who, by taking advantage of his official character, obtains money from another person by means of a threat to cause a criminal prosecution to be instituted against him for an alleged commission of a crime, is guilty of extortion.

JUDGMENTS—RIGHTS OF ACCUSED.—The formalities prescribed by section 318 of the Code of Criminal Procedure must be complied with prior to the rendition of the judgment.

Los hechos están expresados en la opinión.

Abogado del apelante:  *Sr. Lopez Landrón.*

Abogado del apelado:  *Sr. del Toro* (Fiscal).

EL JUEZ ASOCIADO SR. HERNANDEZ emitió la siguiente opinión del Tribunal.

El caso sometido á la decisión de esta Corte Suprema es un recurso de apelación interpuesto por José Lopez Gaztambide contra sentencia de la Corte de Distrito de Ponce que le condena como autor del delito grave de extorsión, comprendido en el Artículo 458 del Código Penal, á la pena de un año de presidio con trabajos forzados, que deberá extinguir en el Departamental de la Isla y al pago de las costas causadas en el juicio.  El apelante fué acusado en dos de Mayo del año próximo pasado por el Fiscal de Distrito de Ponce por el delito de que se deja hecho mérito, cometido del modo siguiente: "Una noche, que no se determina, del mes de Septiembre de mil novecientos dos, se produjo incendio en la casa de comercio de Don José N. Peñas, del pueblo de Yauco, de este Distrito Judicial, donde se personó el acusado, José Lopez Gaztambide, Teniente de la Policía Insular y Jefe de la fuerza de aquél Departamento, y procedió á instruir atestado en averiguación del hecho, trasladándose después á la casa de Peñas, á quien ilegalmente amenazó de envolverle en un proceso criminal, si no le daba cincuenta dollars, suma que rebajó á 25 dollars, y como Peñas no pudiera darle dinero, exigió del mismo un pagaré, tomando además como garantía del pago un reloj con su leontina de oro.  Este hecho es contrario á la ley para tal caso prevista, y á la paz y dignidad del Pueblo de Puerto Rico".

Al celebrarse el juicio oral ante la Corte de Distrito de Ponce, entre otros testigos de la acusación y de la defensa, declararon José Natividad Peñas, Luis Antonio Dastas, José Sanabria, Arturo Irizarry, Don Juan Roig y Andres Garcia, de los cuales el primero dice: que con motivo de un conato de incendio que hubo en su establecimiento comercial, se per-

The facts are stated in the opinion.

*Mr. López Landrón,* for appellant.

*Mr. del Toro, Fiscal,* for respondent.

MR. JUSTICE HERNÁNDEZ delivered the following opinion of the court:

The case submitted for decision to this Supreme Court is an appeal taken by José López Gaztambide from the judgment of the District Court of Ponce, sentencing him, upon conviction of the crime of extortion as defined in section 458 of the Penal Code, to one year's imprisonment in the penitentiary, at hard labor, said sentence to be served in the insular prison, and to the payment of the costs incurred on the trial. The appellant was charged, on May 2, of last year, by the *Fiscal* of the District of Ponce with said crime, committed as follows: "One night, not stated, of September, 1902, a fire broke out in the store of José N. Peñas, of Yauco, within this judicial district, to which the defendant, José López Gaztambide, a lieutenant of the Insular Police and chief of the force stationed in said town, repaired and proceeded to institute an investigation of the occurrence. He then proceeded to the house of Peñas and unlawfully threatened to involve the latter in a criminal prosecution if he refused to give him fifty dollars, which sum was afterwards reduced to twenty-five dollars. Peñas being unable to furnish the money, he demanded of him a note of hand, besides taking a watch and gold chain as security for payment. This act is contrary to the law in such case made and provided, and against the peace and dignity of the People of Porto Rico."

At the oral trial held in the District Court of Ponce, among other witnesses for the prosecution and defense, José Natividad Peñas, Luis Antonio Dastas, José Sanabria, Arturo Irizarri, Juan Roig and Andrés García were called to the witness stand, the one first mentioned testifying: That on the occasion of a fire started in his store, José López Gaztambide, at

sonó en su casa el entonces Teniente de la Policía Insular,
José Lopez Gaztambide, quien le participó que habia llegado
con el fin de levantar atestado contra el declarante, por
dicho incendio, lo que no haría si le daba cincuenta dollars,
pero como no los tenia, convino con el acusado en darle
veinte y cinco dollars en un vale pagaré que se extendió á
favor del Guardia Sanabria, que acompañaba al acusado,
habiéndose apoderado éste de un reloj de oro, que el testigo
tenia sobre el escritorio, en garantia de dicho documento; el
segundo, ó sea Dastas, refiere que encontrándose de visita en
la casa de Peñas, y en la habitación en donde éste estaba en-
fermo, se presentó el Teniente Lopez Gazatambide, á quien
dejó solo con Peñas, quien después de haberse retirado
Gaztambide le explicó que éste le habia exigido dinero y se
habia llevado un reloj de oro como garantia del importe del
vale que se habia extendido, cuyo reloj de oro habia visto el
declarante sobre el escritorio de Peñas antes de entrar Gaz-
tambide en la habitación y no lo vió después de haberse
marchado Gaztambide; el tercero, ó sea Sanabria, depone
que habiendo ido como Policía Insular con varios guardias
más y el Teniente Lopez Gaztambide á la casa de Peñas con
motivo de un conato de incendio allí ocurrido, penetró Gaz-
tambide en la referida casa, y poco después llamó al testigo,
entregándole un reloj de oro y un vale que habia de guardar
hasta que Peñas le pagara el importe del vale, agregando
que recibió orden de no devolver el reloj á Peñas, mientras
éste no abonara cincuenta dollars, ó sea veinte y cinco dollars
importe del vale, y otros veinte y cinco más; el cuarto, ó sea
Irizarry, dice: que siendo Policía Insular fué con otros
guardias y el Teniente Lopez Gaztambide á la casa de Peñas,
con motivo de un conato de incendio, y por manifestación que
le hiciera más tarde su compañero Sanabria se enteró del
vale de veinte y cinco dollars y del reloj de oro que el mismo
Sanabria le mostró; el quinto, ó sea Roy, manifiesta que era
Juez de Paz de Yauco y recibió un anónimo en que, otras

the time a lieutenant of the Insular Police, called at his house and informed him that he had come for the purpose of instituting proceedings against the witness in connection with said fire, but would drop the matter provided he gave him fifty dollars. Not having the money, he agreed with the defendant to give him twenty-five dollars in a note of hand made out in favor of Policeman Sanabria, who accompanied the defendant, the latter taking possession of a gold watch the witness had lying on a desk, as security for said document. The seccond witness, Dastas, states that while on a visit at Peñas' house, and in the latter's sick-room, Lieutenant Gaztambide made his appearance and was left alone with Peñas, who, after Gaztambide went away, informed him that he had demanded money of him and had carried away a gold watch as security for the note of hand that had been drawn up, which gold watch witness had seen on Peñas' desk before Gaztambide entered the room and did not see it after he had left. The third witness, Sanabria, testifies that he had also gone as an insular policeman with other members of the force and Lieutenant López Gaztambide to Peñas' house on the occasion of the fire there; that Gaztambide went in and shortly after called witness and handed him a gold watch and a note of hand which he was to keep until Peñas had paid him the amount of the latter, adding that he had been ordered not to give back the watch to Peñas until he had paid him fifty dollars, that is to say, twenty-five dollars, amount of the note, and twenty-five dollars more. The fourth witness, Irizarri, testifies that while an insular policeman he went, in company with other of the men and Lieutenant Gaztambide to Peñas' house, on the occasion of the fire, and from the statement made to him later by his comrade Sanabria, he learned about the note for twenty-five dollars and the gold watch, which was shown him by Sanabria himself. The fifth witness, Roig, testifies that he was justice of the peace of Yauco and had received an anonymous communication, in which, among

cosas, se le revelaba que en una casa de Préstamos de Ponce se habia empeñado un reloj por un Policía Insular, y habiéndose trasladado á dicha ciudad practicó en union del Jefe de Policía Municipal las diligencias consiguientes, las que dieron por resultado el hallazgo del reloj en un establecimiento de préstamos situado en la Calle de la Marina; y el sexto, ó sea Garcia, refiere que hizo un viaje con Gaztambide desde Guayanilla á Ponce, si mal no recuerda, en el mes de Abril, y ya ambos en la calle de la Marina, frente á un establecimiento de préstamos, le entregó Gaztambide un reloj de oro y leontina para su empeño, como así lo verificó. Además de otros documentos de que no es necesario hacer mérito especial, se trajo al juicio el talón de empeño expedido á nombre de Andrés Garcia, por un reloj de oro con leontina del mismo metal, cuyo documento lleva fecha trece de Agosto de mil novecientos dos. Ninguno de los testigos de descargo declara que Lopez Gaztambide dejara de ejecutar el hecho de que se le acusa, ni contradice de modo abierto el mérito de las declaraciones anteriores.

Terminadas las pruebas, el Fiscal solicitó se declarara convicto á Lopez Gaztambide del delito de que habia sido acusado, y el Letrado defensor del mismo pidió se dictara veredicto de inculpabilidad, después de lo cual, antes de dictarse el fallo, se hicieron al reo las prevenciones del Artículo 318 del Código de Enjuiciamiento Criminal, habiendo alegado que era inocente. El Tribunal, por unanimidad, pronunció sentencia condenatoria en los términos ya expuestos, y contra esa sentencia la defensa del acusado, sin presentar pliego de excepciones, interpuso recurso de apelación que le fué admitido y que ha sido impugnado por el Fiscal en esta Corte Suprema.

En el escrito interponiendo el recurso no se exponen los fundamentos del mismo; pero el Letrado defensor de Lopez Gaztambide en esta Corte Suprema, alega, como motivos, los siguientes:

other things, he was informed that in a pawn-shop in Ponce
a watch had been pawned by an insular policeman, and hav-
ing gone to said city he made an investigation together
with the chief of the municipal police, which resulted in the
discovery of the watch in a pawn-shop on Marina street. And
the sixth witness, García, testifies that he made a trip with
Gaztambide from Guayanilla to Ponce, in April, if he remem-
bers rightly, and while both were in Marina street, in front
of a pawn-shop, Gaztambide handed him a gold watch and
chain with instructions to pawn it, which he did. In addition
to other documents of which no special mention need be made,
a pawn stub issued in the name of Andrés García for a gold
watch and chain, and dated August 13, 1902, was introduced
in evidence. None of the witnesses for the defense declares
that Gaztambide did not commit the act of which he is accus-
ed, or openly contradict the substance of foregoing testi-
mony.

At the conclusion of the evidence, the *Fiscal* asked that
Gaztambide be declared guilty of the crime whereof he was
accused, and counsel for the defendant argued that a verdict
of not guilty should be rendered, after which, before pronounc-
ing judgment, the defendant was asked the questions pre-
scribed by section 318 of the Code of Criminal Procedure, to
which he replied that he was innocent. The court unanimously
rendered a judgment of conviction as already set forth, and
from said judgment counsel for defendant, without filing a bill
of exceptions, took an appeal, which was allowed, the same
being opposed by the *Fiscal* in this Supreme Court.

In the writing interposing the appeal the grounds thereof
are not stated; but counsel for Gaztambide in this Supreme
Court sets forth as grounds, the following: 1. That it has
not been proven that López Gaztambide had threatened Pe-

1. Que no se ha justificado que Lopez Gaztambide amenazara á Peñas con envolverle en un procedimiento criminal, ni que recibiera un vale de veinte y cinco dollars, y un reloj de oro con cadena del mismo metal, ni que vale, reloj y cadena fuesen de Peñas, ni que tales prendas hubieran sido empeñadas por y para el Teniente Lopez Gaztambide. 2. Que aún estimando justificados los hechos, no caen de lleno dentro del Artículo 458, ni aún del 459, del Código Penal. 3. Que el veredicto es contrario á derecho por no haber recaido con las advertencias á que se refiere el Artículo 318 del Código de Enjuiciamiento Criminal. Aunque no se ha presentado pliego de excepciones, como el acta del juicio aparece firmada por todos los Jueces que intervinieron en el juicio, por el Fiscal y por el Letrado defensor del reo, dicha acta, en que fueron consignadas las declaraciones de los testigos y demás pruebas practicadas, es un documento fehaciente, que puede servir de base á esta Corte Suprema para considerar y discutir los fundamentos del recurso. Las declaraciones de cargo consignadas en esa acta están tan íntimamente relacionadas entre sí, tanto se robustece el mérito de unas con el de otras, que no cabe duda racional sobre la existencia de los hechos de que fué acusado Lopez Gaztambide. Tales hechos brindan todos los elementos que integran el delito grave de extorsión, tal como se define y castiga por el Artículo 458 del Código Penal, pues Gaztambide obtuvo dinero y alhajas de Don José N. Peñas, con amenaza de envolverle en un procedimiento criminal, amenaza que entraña la imputación de un delito y que no pudo menos que producir en Peñas el temor generador de la extorsión, máxime tratándose de un funcionario como José Lopez Gaztambide, Teniente entonces del cuerpo de la Policía Insular. Difícilmente podría obtenerse prueba más concluyente, tratándose, como se trata, de un delito en que, por su propia índole, suelen ponerse en juego todos los ardides que la suspicacia aconseja para impedir su descubrimiento y comprobación.

ñas with involving him in a criminal prosecution, nor that he
had received a note for twenty-five dollars and a gold watch
and chain, nor that said note, watch and chain were from
Peñas, nor that such articles had been pawned by and for
Lieutenant López Gaztambide. 2. That even were the facts
proven, they do not quite come under section 458, or even sec-
tion 459, of the Penal Code. 3 That the verdict is contrary to
law, because it was rendered without complying with the pro-
visions of section 318 of the Code of Criminal Procedure. Al-
though no bill of exceptions has been filed, inasmuch as the
record of the judgment bears the signature of all the judges
who took part in the trial, and those of the *Fiscal* and the
defendant's counsel, said record, containing the testimony
of the witnesses and other evidence taken, is an authentic
document which may serve as a basis for this Supreme Court
in considering and discussing the grounds of the appeal. The
statements of the witnesses for the prosecution appearing
upon the record are so closely related to each other, the value
of each is so strengthened by the others, that no reasonable
doubt can be entertained as to the existence of the acts where-
of López Gaztambide has been accused.    Such acts
contain all the elements constituting the crime of extortion,
as defined and made punishable by section 458 of the Penal
Code; for Gaztambide obtained money and jewels from José
N. Peñas, by threatening to involve him in a criminal prose-
cution, a threat implying the imputation of a crime, and
which could not but induce in Peñas the fear that gave rise
to the extortion, especially in the case of an official such as
José López Gaztambide, at that time a lieutenant of the In-
sular Police. It would be difficult to find more conclusive evi-
dence in the case of a crime where, from its very nature, all
the artifices which may be devised by cunning are usually re-
sorted to in order to prevent discovery and the proof of its
commission. Section 458 of the Penal Code, in connection with
sections 456 and 459 of the same Code, has therefore been

Ha tenido, pues, debida aplicación el Artículo 458 del Código Penal en su relación con los 456 y 457 del mismo código; y lejos de haber sido infringido el 318 del Código de Enjuiciamiento Criminal, también ha sido cumplido por la Corte de Distrito de Ponce, pues del acta del juicio consta, que antes de dictarse la sentencia, se hicieron al acusado las prevenciones de dicho artículo. Deben, pues, desestimarse los fundamentos en que descansa el recurso, y confirmarse la sentencia apelada.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociados Figueras y MacLeary.

El Juez Asociado Sr. Sulzbacher no formó Tribunal en la vista de esta causa.

---

## EL PUEBLO *v.* BIRD.

### APELACIÓN procedente de la Corte de Distrito de San Juan.

No. 52.—Resuelto en Febrero 27, 1904.

CASACIÓN.—En el escrito interponiendo recurso de casación, deberán citarse con precisión y claridad el Artículo de la ley que lo autorice y las leyes que se supongan infringidas.

CALUMNIAS É INJURIAS Á LA AUTORIDAD.—Cuando las expresiones contenidas en un artículo publicado en un periódico tiendan á calumniar, injuriar é insultar á los Jueces de un Tribunal, se comete el delito de cálumnia é injurias á la autoridad, previsto en el Artículo 265 del antiguo Código Penal.

RESPONSABILIDAD CRIMINAL.—La circunstancia de que los hechos cometidos por el acusado envuelvan la comisión de otro delito castigado con una pena menor, no es motivo para que se·le absuelva del delito imputádole.

JUICIO POR JURADO.—FELONY Y MISDEMEANOR.—LIBELO.—El juicio por jurado sólo puede concederse en casos de felony y sus beneficios no se han hecho extensivos á causas por libelos ó por cualquier otro misdemeanor.

ID.—Si el juicio por jurado no se solicitare en tiempo oportuno, se entenderá que el acusado renuncia á él.

APELACIÓN.—SENTENCIA.—ERRORES Ó DEFECTOS DE CARÁCTER TÉCNICOS.—Al dictar sentencia el Tribunal no debe prestar consideración alguna á errores

properly applied; and as to section 318 of the Code of Criminal Procedure, far from having been violated, it has also been complied with by the District Court of Ponce, for it appears from the record of the trial that before pronouncing judgment, the accused was questioned in accordance with the provisions of said section. The grounds on which the appeal is based should therefore be rejected and the judgment appealed from affirmed.

*Affirmed.*

Chief Justice Quiñones and Justices Figueras and Mac-Leary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.